1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UNITED STATES OF AMERICA,

        Plaintiff,

    v.

ROTIMI TALLMAN,

        Defendant.

Case No.  CR07-218RSL

ORDER DENYING MOTION TO
SEVER

      This matter comes before the Court on defendant Tallman's "Motion to Sever" (Dkt. #40).  He seeks to sever his trial from co-defendant Green pursuant to Federal Rule of Criminal 14 based on the prejudicial spillover effect of evidence that is admissible as to Green, but not to him.  For the reasons discussed below, defendant's motion is denied.

      It is well established that "there is a strong preference in the federal system for joint trials."  United States v. Decoud, 456 F.3d 996, 1009 (9th Cir. 2006).  A "joint trial is particularly appropriate where the codefendants are charged with conspiracy, because the concern for judicial efficiency is less likely to be outweighed by possible prejudice to the defendants when much of the same evidence would be admissible against each of them in separate trials."  United States v. Fernandez, 388 F.3d 1199, 1242 (9th Cir. 2004).  Thus, a court "should grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence."  Zafiro v. United States, 506 U.S. 534, 539 (1993).  Defendant has not established that there is a serious risk that a joint trial would compromise a

ORDER DENYING MOTION TO SEVER

1   specific trial right or prevent the jury from making a reliable judgment about guilt or innocence.

2   The use of "careful and frequent limiting instructions to the jury, explaining how and against

3   whom certain evidence may be considered, can reduce or eliminate any possibility of prejudice

4   arising from joint trial." Id. at 1243.  Defendant has not offered a compelling reason why such

5   limiting instructions would not be equally effective in this case. See United States v. Joetzki,

6   952 F.2d 1090, 1094 (9th Cir. 1991) ( "A defendant seeking severance based on the 'spillover'

7   effect of evidence admitted against a co-defendant must also demonstrate the insufficiency of

8   limiting instructions given by the judge.").  Defendant's motion to sever (Dkt. #40) is therefore

9   DENIED.[1]

10

11          DATED this 4th day of September, 2007.

12

13

14          _____
            Robert S. Lasnik
15          United States District Judge

16

17

18

19

20

21

22

23

24

25

26

---

[1] The Court only addresses defendant's motion to sever in this order.  The admissibility of particular statements is not currently before the Court.

ORDER DENYING MOTION TO SEVER                    -2-